TASHIMA, Circuit Judge,
concurring:
I concur in this disposition, but do so reluctantly under compulsion of the law of the case.
*487 This is the second appeal in this case. In the first appeal, we reversed and remanded for resentencing. United States v. Vierra, 2009 WL 1385976 (9th Cir.2009). As the majority’s disposition indicates, the prior panel thought that the sentencing consideration at issue in this case—sentencing entrapment—was controlled by United States v. McClelland,, 72 F.3d 717, 722 (9th Cir.1995). See Maj. Dispo. at 485 n. 1. The McClelland factors, however, are not to be applied at sentencing, but in evaluating the defense of entrapment at the guilt phase of trial. See 72 F.3d at 722. Vierra, in fact, asserted such a defense, but the jury found against him on that defense. In such a context, where the jury has rejected an entrapment defense, it is not at all clear to me that the five McClelland factors should, again, be reapplied at the sentencing phase. Nonetheless, we are bound by Vierra as the law of the case to apply the McClelland factors, wholesale, at sentencing.
Were the correct sentencing entrapment test to be applied, see, e.g., United States v. Ramirez-Rangel, 103 F.3d 1501, 1506-08 (9th Cir.1997), it is not clear to me that the district court’s findings upon which the sentence was based were clearly erroneous or that the district court made a mistake of law in rejecting Vierra’s sentencing entrapment argument. I recognize, however, that our mandate in the prior appeal expressly directed the district court to apply the McClelland five factor test in considering Vierra’s sentencing entrapment contention. See Vierra, 2009 WL 1385976, at *1. And this is the test the majority disposition faithfully applies on this second appeal. Thus, bound as I am by the law of the case, I reluctantly concur in this disposition.